Meads agt. Gleason.

---

## SUPREME COURT.

### JOHN MEADS, JR., agt. CHARLES L. GLEASON.

The 157th section of the Code (in which, it seems, there was an attempt to accomplish quite too much) commences by prescribing what shall be the tenor of the affidavit by which a pleading is to be *verified*.

2d. In what cases the same verification may be made by a person other than the party. These are distinctly specified.

And, 3d. That " when the pleading is verified by any other person than the party, he shall set forth in the affidavit his knowledge, or the grounds of his belief, on the subject, *and* the reasons why it is not made by the party."

This requirement is applicable to *all* cases of verification by an *agent* or *attorney*.

That is, in order to dispense with a verification by the party, the person who makes the affidavit, stating that the facts set forth in the pleading are true of his own knowledge, must state *what knowledge* he has on the subject; and when he states that he believes the facts alleged upon information and belief to be true, he must state the *grounds* upon which his belief is founded; and then, in addition to this, he must go on and state *why he* makes the affidavit, and not the party.

And the case where a pleading is founded upon a written instrument for the payment of money only, and is in the possession of the attorney who makes the verification, is no exception to the rule. (*See Smith* agt. *Rosenthall*, 11 *How.* 442, *adverse.*)

---

Meads agt. Gleason.

---

*Albany Special Term, Sept.*, 1856.

MOTION to set aside judgment for irregularity.

The action was brought upon a promissory note. The complaint was verified by one of the plaintiff's attorneys. The verification was as follows :—

"*Albany County, ss.*—Orlando Meads, of the city of Albany, being duly sworn, says, that he is one of the plaintiff's attorneys in this action; that said plaintiff is not now within the county of Albany, where deponent resides; that this action is founded upon a written instrument for the payment of money only—to wit, the promissory note set forth and described in the foregoing complaint, and which note is now in the possession of deponent as such attorney; that the said complaint is true of ˙deponent's own knowledge, except as to those matters therein stated on information and belief, and as to those matters he believes the same to be true."

All the material allegations of the complaint were made upon information and belief.

The defendant, regarding the verification as insufficient, served an unverified answer, which the plaintiff's attorneys returned, stating that they declined to receive it because it was not verified. No other answer being served, the plaintiff's attorneys perfected judgment, as upon default, and issued execution. These proceedings the defendant moved to vacate.

ORLANDO MEADS, *for plaintiff.*
RUFUS W. PECKHAM, *for defendant.*

HARRIS, Justice. The framers of the Code attempted to accomplish quite too much in the 157th section of that act. It declares what the verification shall, in all cases, contain, by whom it may be made, and in what cases it may be made by some person other than the party, and what the affidavit must contain besides the verification, if not made by the party. By crowding all these provisions, and yet others still, into the

Meads agt. Gleason.

same section, the profession have been involved in doubt and perplexity; and the courts have been frequently called upon to decide between those who differed in their construction. Now, it seems, too, that even judges do not agree upon the effect which should be given to these various provisions. All this would have been avoided had a separate section been devoted to each of the several subjects contained in this single section. And yet, I am bound to say, that I have never realized that there was any great difficulty in ascertaining the undoubted intention of the legislature in all the various provisions of the section.

Truthfulness in pleading was one of the leading reforms contemplated in the framing and adoption of the Code. Provision was accordingly made by which parties might be required to make these allegations under oath. The 157th section of the Code commences by prescribing what shall be the tenor of the affidavit by which a pleading is to be verified. But it was foreseen that there would be cases in which it might be inconvenient, and even impracticable, to have this verification made by the party himself. Hence the section proceeds to declare, secondly, in what cases the same verification may be made by a person other than the party. These are distinctly specified. It was also deemed important, in order to prevent evasion, to have the verification, when not made by a party, made by some person who should appear to have some knowledge or information in respect to the facts stated in the pleading. Accordingly it is provided, *thirdly*, " when the pleading is verified by any other person than the party, he shall set forth in the affidavit his knowledge, or the grounds of his belief, on the subject, *and* the reasons why it is not made by the party."

It has been supposed, that this requirement is applicable to all cases of verification by an agent or attorney. The whole structure of the section, not less than the language of the provision itself, plainly indicates that it was so intended. Those who framed these provisions meant, that when a substituted verification should be allowed, the affidavit should be made by some person who knew something about the case. To secure

this end, it was provided, that in such cases the person making·
the affidavit, so far as he undertook to verify upon his own
knowledge, should state what knowledge he had, and so far as
he undertook to verify upon his information and belief, he
should state the grounds of his belief. (*See Treadwell* agt. *Fassett*, 10 *How.* 184; *Hubbard* agt. *The National Protection Insurance Company*, 11 *How.* 149.)

But it has recently been decided that this third provision in
the section has no application to the cases mentioned in the
*second* clause. (*See Smith* agt. *Rosenthall*, 11 *How.* 442.) In
this case it was held, that the provision in question is only applicable to cases where the verification is made by a third person, by reason of the absence or incapacity of the party. I
have great confidence in the accuracy of the decisions of the
learned judge to whose opinion I am referring. But when the
legislature, after specifying various cases in which the affidavit
of verification may be made by some other person besides the
party, goes on to declare that when the pleading is so verified,
certain other things shall be set forth in the affidavit, I am
utterly unable to see by what rule of construction he makes
this requirement, general and unlimited in its terms, applicable
to only a part of the cases specified. As I understand the provision the rule is without exception. In order to dispense with
a verification by the party, the person who makes the affidavit,
stating that the facts set forth in the pleading are true of his
own knowledge, must state what knowledge he has on the subject; and when he states that he believes the facts alleged upon
information and belief to be true, he must state the grounds
upon which his belief is founded: and then, in addition to this,
he must go on to state why he makes the affidavit, and not the
party.

The case of *Lefevre* agt. *Latson* (5 *Sand.* 650) has not, in my
judgment, any bearing upon the question· under consideration.
It had been held in *Hunt* agt. *Meacham*, (6 *How.* 400,) that
where the pleading is not founded upon a written instrument,
&c., it cannot be verified by a third person, unless he has a personal knowledge of all the facts alleged. This was the ·ques-

Meads agt. Gleason.

tion before the superior court in *Lefevre* agt. *Latson.* The complaint was for goods sold and delivered. The affidavit of verification was made by the attorney, and founded solely upon his information and belief. It was held that the attorney might, under such circumstances, the plaintiff himself being absent or incapable, make the affidavit, thus overruling the decision in *Hunt* agt. *Meacham.* The question whether, in making his affidavit, the attorney was required to state the grounds of his belief, as well as the reason why the affidavit was not made by the party, was not before the court.

In this case, the allegations in the complaint are made upon information and belief. The attorney makes the affidavit, and swears that he believes the allegations to be true. This is sufficient for the verification. Then he states that the action is founded upon a written instrument for the payment of money only, which instrument is in his possession. This is a sufficient reason why he should be permitted to make the affidavit instead of the plaintiff. It remained for him to state *the grounds* upon which his belief in the truth of the allegations of the complaint rested. Probably all he could have said on this subject would have been, that the note described in the complaint being in his possession, and having no reason to doubt its validity or genuineness, he believed the allegations in the complaint to be true. Perhaps he might have stated, as the grounds of his belief, that he had been informed by some of the parties to the instrument, that the facts as alleged in the complaint were true. Whatever these grounds may have been, he was required to state them, as one of the conditions upon which his verification could be substituted for that of the plaintiff. In this respect the affidavit is defective. Being defective, the defendant had a right to regard the complaint as unverified, and to serve his answer without verification.

The subsequent proceedings on the part of the plaintiff, disregarding the answer, have been irregular, and must be set aside. But, as the plaintiff is sustained in his practice by the most recent decision on the subject, it would seem unjust to charge him with costs.

The motion is therefore granted, without costs. The plaintiff is also to be at liberty, within ten days after notice of this decision, to serve a new complaint, with or without a verification.